UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EMMANUEL JOHN, PASTOR/TRUSTEES BOARD PRESIDENT OF CHRIST TEMPLE CHURCH OF GOD IN CHRIST, <br><br> Plaintiff, <br><br> v. <br><br> THE BOARD OF COMMISSIONERS OF COUNTY OF LAKE IND.; LAKE COUNTY AUDITOR'S OFFICE; JOHN PETALAS; GINA SCHEIDT; LAKE COUNTY TREASURER'S OFFICE; PEGGY HOLINGA KATONA; her ASSISTANT MICHELLE; LISA BERDINE; and RANDY H. WILEY, <br><br> Defendants. | CAUSE NO.: 2:24-CV-195-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 19] filed by Defendant Lisa Berdine and a Motion to Dismiss [ECF No. 22] filed by Defendants Lake County Board of Commissioners, Lake County Auditor, John Petalas, Gina Scheidt, Lake County Treasurer, Peggy Holinga Katona, Michelle Toveo, and Randy Wyllie (County Defendants). The motions are fully briefed and ripe for ruling. For the reasons set forth below, the Court grants the motions and dismisses this case for lack of subject matter jurisdiction and under the doctrine of comity.

**LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and

draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all the factual allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential*

2

*Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the electronic dockets for the Indiana state court proceedings referenced in the Complaint, which are available at https://public.courts.in.gov/mycase/.

**PROCEDURAL AND FACTUAL BACKGROUND**

**A.     This Federal Lawsuit**

On June 5, 2024, Plaintiff Emmanuel John as the Pastor and President of the Board of Trustees of the Christ Temple Church of God in Christ filed a Complaint in this Court pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. The Plaintiff alleges that the Defendants violated the First, Fourth, Fifth, and Fourteen Amendments to the United States Constitution in relation to the county tax sale of two parcels of property in Lake Station, Indiana, owned by Christ Temple Church of God in Christ, Inc.: (1) 2560 Clay Street (Property ID 45-08-13-428-019.000-020) and (2) 2584 Clay Street (Property ID 45-08-13-428-020.000-020). *Id.* at 10, 13.

The Plaintiff alleges "gross abuse of power with malicious, intentional, and willful deprivation and forfeiture of his religious (active church) properties." *Id.* at 2. Specifically, he alleges that the church's property was subject to a "storm-water fee" that was arbitrarily and capriciously disguised as a tax. *Id.* at 4, 10, 21. He alleges that the church properties were then sold at tax sale for purported delinquent taxes but that no taxes were due because the church properties had a religious exemption. *Id.* at 2, 10, 11, 12, 15, 22.

Regarding the 2584 Clay Street property, the Plaintiff alleges that the "Defendants behaved as though they are above the law" because they "denied the Plaintiff the right to show that the same property that they sold . . . on September 17, 2020 for purported 'Delinquent Taxes' had already been ruled on by Circuit Court Judge Marissa McDermott in Case Number

45C01-1908-TS-000002" on August 22, 2019. *Id.* at 5, 6. Throughout the Complaint, the Plaintiff alleges that Judge McDermott's August 22, 2019 order should have been followed in the later tax sales of the two properties. *Id.* at 5, 6, 9, 10, 11, 12, 14, 22, 26, 27.

Lake County, Indiana, Circuit Court Magistrate Lisa Berdine presided over the tax sale of both properties. The Complaint alleges that Magistrate Berdine abused her power and violated the Rules of Professional Conduct, failed to follow the law of the case and apply collateral estoppel, violated the Supremacy Clause, violated several of the Plaintiff's constitutional rights and conspired with the County Defendants to do so, and acted without jurisdiction by ignoring Judge McDermott's August 22, 2019 ruling and by requiring the church to be represented by counsel. *Id.* at 7, 8, 11, 14, 15, 22.

The Plaintiff alleges that when the 2584 Clay Street property was sold on September 17, 2020, he had already been issued a corrected tax bill, which showed no tax liability and a $100 credit for the November 12, 2019 installment. *Id.* at 21. And, despite the Plaintiff's efforts to make payments in 2020, 2021, and 2022, Scheidt put a block on the records to not accept payments and Katona and Micelle did not accept payments. *Id*. at 11, 12, 21, 22.

The Plaintiff alleges interference with his and his parishioners' free exercise of religion by the seizure of the church buildings in violation of the First Amendment. *Id.* at 3, 20, 22. The Plaintiff alleges denial of due process and equal protection in violation of the Fourteenth Amendment because Lake County allegedly bills the storm-water fee as a tax in predominately African American cities while the storm-water fee is billed on the water bill in predominately White cities. *Id.* at 3, 4, 6, 11, 13, 16, 20.

The Complaint seeks relief in the form of actual damages in the total amount of $455,150.00 for the real and personal property at 2560 and 2584 Clay Street as well as punitive

damages for the violation of Emmanuel John and his parishioners' constitutional rights. *Id.* at 24–26. The Complaint also asks the Court to order the government of Lake County, Indiana, to "cease and desist . . . from continuing their Unconstitutional practice of using the County's Property Tax Bill statements to collect the fee disguised as a tax as a nefarious means of confiscating properties in minority cities in violation of" the Fourteenth Amendment. *Id.* at 27.

**B.     2584 Clay Street—2019 Tax Sale**

The Court takes judicial notice of the docket in the Lake County, Indiana, Circuit Court for the 2019 county tax sale *In Re: 2019 Lake County Tax Sale*, cause number 45C01-1908-TS-000002.[1] The 2584 Clay Street property was listed with the owner as Christ Temple Church of God in Christ, Inc. *See* List of Tax Sale Eligible Parcels at 683 (Aug. 19, 2019). On August 14, 2019, Emmanuel John as President of the Board of Trustees of Christ Temple Church of God in Christ filed a Petition objecting to the tax sale. *See* Objection (Aug. 14, 2019). On August 22, 2019, Judge McDermott issued the order referenced by the Plaintiff in the Complaint in this case; Judge McDermott found the objection meritorious and ordered that the parcel at 2584 Clay Street be removed from the tax sale scheduled to begin August 30, 2019. *See* Order on Tax Sale Objections (dated Aug. 22, 2019; docketed Aug. 23, 2019). As discussed below in Part D, the parcel was returned to the tax sale schedule for 2020.

**C.     2560 Clay Street**

That same summer, the time for redemption of the Commissioner's Tax Sale Certificate for the church's other property at 2560 Clay Street expired on July 19, 2019. *See* Ex. A, ECF No. 23-1.[2] On August 16, 2019, the tax sale buyer filed a Verified Petition for Issuance of Tax Deed

---

[1] All state court documents are available at https://public.courts.in.gov/mycase/.
[2] For the first time in a surreply brief filed without leave of court, *see* N.D. Ind. L.R. 7-1 (providing only for a motion, a response, and a reply), the Plaintiff references a February 1, 2018 Order Cancelling Tax Sale in which a prior tax sale of this property was cancelled. *See In the Matter of the 2016 Lake County,*

5

in the Lake County, Indiana, Circuit Court in *In the Matter of the 2018 Lake County, Indiana Real Estate Sale, Alexander Petrovski v. The Trustees of Christ Temple Church of God in Christ, Inc.*, cause number 45C01-1908-TP-362. *Id.* On August 20, 2019, Emmanuel John appeared in the state litigation as the Pastor and Trustee Board President of the church and filed a written Objection to the Petition. Ex. B, ECF No 23-2. On February 27, 2020, the tax sale petitioner and John appeared for a bench trial on the Petition and Objection. Ex. C, ECF No. 23-3. The bench trial was adjourned to May 7, 2020, because the state court found that the church was incorporated and was statutorily required to appear by counsel. *Id.* The state court docket shows that the bench trial was continued.

      The church obtained counsel and filed a motion for summary judgment. *See* Ex. D, ECF No. 23-4. The state court entered a briefing schedule and set the motion for a hearing. *Id.* The church's counsel withdrew prior to the hearing. Ex. E, ECF No. 23-5. When John appeared on behalf of the church at the October 21, 2021 hearing, the court sustained the respondent's objection to him participating on behalf of the church but indicated it would rule based on the filings already made by counsel. Ex. F, ECF No. 23-6. On October 22, 2021, the state court by Magistrate Berdine denied the church's motion for summary judgment, reset the matter for a bench trial, and reminded the church that it must be represented by counsel. Ex. G, ECF No. 23-7. Following the January 27, 2022 bench trial, Judge McDermott, on Magistrate Berdine's recommendation, overruled John's Objection and granted the Verified Petition for Issuance of Tax Deed. Ex. H, ECF No. 23-8. On February 4, 2022, Judge McDermott, on Magistrate Berdine's recommendation, issued an Order to Issue Tax Deed. Ex. I, ECF No. 23-9. The state court docket shows that no appeal was taken.

---

*Indiana, Real Estate Tax Sale, James Strezovski v. The Trustee of Christ Temple Church of God in Christ, Inc.*, cause number 45C01-1708-TP-00680. This earlier proceeding does not affect the Court's analysis.

    **D.    2584 Clay Street—2020 Tax Sale**

The Court also takes judicial notice of the state court case *In Re: 2020 Lake County Tax Sale*, cause number 45C01-2008-TS-00001. The parcel at 2584 Clay Street, which had been removed from the 2019 tax sale, was listed for tax sale in 2020 and was sold on September 15, 2020. Ex. J, ECF No. 23-10. The time for redemption of the Commissioner's Tax Sale Certificate expired on September 15, 2021. *Id.* On November 2, 2021, the tax sale buyer filed a Verified Petition for Issuance of Tax Deed with the Lake County, Indiana, Circuit Court in the case *In the Matter of the 2020 Lake County, Indiana Treasurer's Tax Sale, Dino Buljubasic v. The Trustees of Christ Temple Church of God in Christ*, cause number 45C01-2111-TP-001990. *Id.* John appeared on behalf of the church and filed a written Objection to the Petition. Ex. K, ECF No. 23-11. After a series of pretrial conferences at which the state judicial officer advised John that the church was required to be represented by an attorney, a bench trial was held on June 16, 2022 before Magistrate Berdine. Ex. L, ECF No. 23-12; Ex. M, ECF No. 23-13. On June 23, 2022, Judge McDermott, on Magistrate Berdine's recommendation, issued an Order Granting Petition for Issuance of Tax Deed. Ex. M. John filed a motion for reconsideration on September 1, 2022, which was summarily denied by Magistrate Berdine on September 2, 2022. Ex. N, ECF No. 23-14. The state court docket shows that no appeal was taken.

## ANALYSIS

Defendant Lake County, Indiana, Circuit Court Magistrate Lisa Berdine seeks dismissal based on judicial immunity and failure to state a claim. The County Defendants seek dismissal for lack of subject matter jurisdiction and because the church, a nonprofit corporation, cannot proceed without counsel in this federal litigation.

A.  **A Corporation Must Be Represented by Counsel in Federal Court**

The County Defendants argue that the case should be dismissed because Christ Temple Church of God in Christ, Inc., a nonprofit corporation, cannot proceed pro se in federal court. Because the named Plaintiff is "Emmanuel John, Pastor/Trustees Board President of Christ Temple Church of God in Christ," the County Defendants are necessarily arguing that the real party in interest is Christ Temple Church of God in Christ, Inc. "An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). "The 'real party in interest' is the person who possesses the right or interest to be enforced through litigation . . . ." *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010) (citing Fed. R. Civ. P. 17(a) advisory comm.'s note (2009)); *see Rawoof v. Texor Petrol. Co.*, 521 F.3d 750, 756 (7th Cir. 2008). "The real party in interest is the one who 'by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" *Checkers, Simon & Rosner v. Lurie Corp.*, 864 F.2d 1338, 1343 (7th Cir. 1988) (quoting *Illinois v. Life of Mid-Am. Ins.*, 805 F.2d 763, 764 (7th Cir. 1986)).

Christ Temple Church of God in Christ, Inc. is a nonprofit corporation organized under the laws of the State of Indiana, and Emmanuel John is its registered agent. *See* Christ Temple Church of God in Christ, INBiz, https://bsd.sos.in.gov/publicbusinesssearch (last visited Feb. 18, 2025) (business ID 198309-699). The Complaint seeks compensatory damages of $455,150.00 for the value of the church's real and personal property sold at the tax sales. Compl. 24–26. "[W]hen a corporation suffers injury . . . from a third party, it is the corporate entity—not the individual shareholders—who retains the cause of action." *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 646 (7th Cir. 2006) (citation omitted) (applying Indiana law). The state court filings

show that the church owned the property sold at the tax sales. Thus, Christ Temple Church of God in Christ, Inc. is the real party in interest as the corporate property owner.

As argued by the Defendants, the law requires a corporation to be represented by an attorney admitted to practice law and provides that a corporation may not appear through an officer or other lay representative. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (recognizing that artificial business entities, such as corporations, partnerships, or associations, may not appear in federal court pro se or through ordinary agents but only through licensed counsel); *Strong Delivery Ministry Ass'n v. Bd. of Appeals*, 543 F.2d 32, 34 (7th Cir. 1976) (holding that Strong Delivery Ministry Association, a corporation alleging a violation of its First Amendment rights to freedom of worship, must be represented by an attorney and not by the president and founder); *see also Tamburo v. Dworkin*, No. 04 C 3317, 2005 WL 8163300, at *3–4 (N.D. Ill. June 24, 2005) (finding that the corporation was the real party in interest and, as such, was required to be represented by counsel in federal court). Thus, as a corporation, Christ Temple Church of God in Christ, Inc. cannot proceed without counsel. However, even if the Court were to give the church time to obtain counsel, the Court would nevertheless dismiss the Complaint for the reasons below.

B.      **Standing, the Tax Injunction Act, and Comity**

Although the Complaint alleges § 1983 claims under the First, Fourth, Fifth, and Fourteenth Amendments against the Defendants, all the claims arise from Indiana state property tax laws and essentially ask the Court to overturn the county tax sales of the two church properties at issue. The Complaint seeks an injunction and damages, each of which the Court considers in turn.

1.  *Injunctive Relief—Standing and the Tax Injunction Act*

The only injunctive relief in the Complaint asks the Court to order the Lake County government to "cease and desist . . . from continuing their Unconstitutional practice of using the County's Property Tax Bill statements to collect the fee disguised as a tax as a nefarious means of confiscating properties in minority cities in violation of" the Fourteenth Amendment. Compl. 27. This relief is not specific to the church's two properties already sold at tax sale but is a general request to change the county's practices in the future. The Plaintiff lacks standing to seek this injunctive relief.

"Article III of the Constitution limits federal judicial power to 'Cases' and 'Controversies.'" *Wood v. Sec. Credit Servs., LLC*, 126 F.4th 1303, 1308 (7th Cir. 2025) (quoting U.S. CONST. art. III, § 2). "A necessary component of the case-or-controversy limitation is that a plaintiff must have standing to sue—that is, a 'personal stake' in the outcome of the lawsuit." *Id.* (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). "[S]tanding is an essential ingredient of subject-matter jurisdiction." *Brazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020).[3] To demonstrate standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant, and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *Id.* at 431 (citations omitted). When injunctive relief is sought to prevent a future harm, the injury is

---

[3] Although standing was not raised by the Defendants, the Court must continuously police its subject matter jurisdiction *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction.").

concrete "so long as the risk of harm is sufficiently imminent and substantial." *Id.* at 435. Here, the Plaintiff has failed to allege that the church is in imminent and substantial harm of being subject to the storm water fee as a tax. *See Boost v. Ill. State Bd. of Elections*, 114 F.4th 634, 642 (7th Cir. 2024) (citing *Lujan*, 504 U.S. at 560).

Even if the Plaintiff were seeking injunctive relief in relation to the church's two properties sold at the tax sale, the Court could not provide the Plaintiff relief because "[t]he Tax Injunction Act forbids federal district courts to 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law,' provided that an adequate remedy is available in the state courts . . . ." *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 725 (7th Cir. 2011) (quoting 28 U.S.C. § 1341); *see also Hay v. Ind. State Bd. of Tax Com'rs*, 312 F.3d 876, 878 (7th Cir. 2002); *Dorsey v. City of Indianapolis*, No. 1:16-CV-01435, 2016 WL 5871711, at *3 (S.D. Ind. Oct. 7, 2016); *Israel v. Martin*, No. 1:08-CV-109, 2008 WL 1994859, at *2 (N.D. Ind. May 6, 2008). In *Hay*, the Seventh Circuit Court of Appeals affirmed the dismissal for lack of subject matter jurisdiction, finding that the Tax Injunction Act barred the federal lawsuit because there is an available and sufficient remedy for Indiana taxpayers to challenge their real property tax assessments. 312 F.3d at 880–81.

2.  *Request for Damages—Comity*

The Complaint seeks compensatory and punitive damages under § 1983 based on the allegations that the tax sale of the two properties violated the church's constitutional rights as well as the constitutional rights of Emmanuel John and his fellow parishioners. "Like the Tax Injunction Act, the comity doctrine bars federal courts from resolving [§ 1983] suits for damages arising from the enforcement of state taxes so long as a plain, adequate, and complete state remedy exists." *Garner v. Katona*, No. 22-2495, 2023 WL 5923773, at *2 (7th Cir. Sept. 12,

11

2023) (citing *Fair Assessment in Real Est. Ass'n v. McNary*, 454 U.S. 100, 115–16 (1981)); *A.F. Moore & Assocs., Inc. v. Pappas*, 948 F.3d 889, 896 (7th Cir. 2020) ("Comity is a doctrine of abstention, rather than a jurisdictional bar, but in the state-taxation context it operates similarly to the Tax Injunction Act."); *Perry v. Coles County*, 906 F.3d 583, 587–88 (7th Cir. 2018) ("[T]he comity doctrine bars taxpayers from asserting § 1983 claims against 'the validity of state tax systems' via federal lawsuits."). "Whether a remedy is plain, adequate, and complete is essentially identical to the Tax Injunction Act's inquiry into whether a remedy is plain, speedy, and efficient." *Garner*, 2023 WL 5923773, at *2 (citing *McNary*, 454 U.S. at 116 n.8). In *McNary*, the Supreme Court explained that, for a plaintiff to recover damages under § 1983 for the allegedly unconstitutional administration of a state tax system, the district court would first have to determine that the defendant's administration of the tax system violated the plaintiff's constitutional rights. *McNary*, 454 U.S. at 101–02, 113. The court found that such a declaratory judgment "would be fully as intrusive as the equitable actions that are barred by principles of comity." *Id.* at 113.

Here, there was an adequate remedy in the state courts for each of the Plaintiff's claims. Both parcels at issue were subject to the one-year redemption period. It is only after the parcels were not redeemed that the tax sale buyer filed a Petition for Issuance of Tax Deed with the state court. Emmanuel John appeared in both state court tax deed litigation proceedings and filed objections on behalf of the church, although his objections were overruled. Thus, John directly participated in the state proceedings and was afforded an adequate state court remedy. While John was ultimately not permitted to represent the church, the state court nevertheless considered the earlier arguments of retained counsel. The state court dockets reflect that the church did not appeal either of the state trial court's tax deed rulings. Instead, John filed the Complaint in this

federal court. Accordingly, the Court abstains from exercising jurisdiction over these § 1983 claims for damages under the principle of comity.

C.     *Rooker-Feldman* Doctrine

The County Defendants also argue that the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction because the Plaintiff is essentially asking the Court to vacate the original state court orders issuing the tax deeds. The *Rooker-Feldman* doctrine prohibits lower federal courts from presiding "over claims seeking review of state court judgments . . . no matter how erroneous or unconstitutional the state court judgment might be." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) ("In its most straight-forward presentment, the *Rooker-Feldman* doctrine bars federal jurisdiction when the federal plaintiff alleges that her injury was caused by a state court judgment."); *see Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020) (explaining that a lawsuit is barred by the *Rooker-Feldman* doctrine when "any finding in favor of the [plaintiff] would require [the federal court] to contradict the state court's orders").

Because any finding in favor of the Plaintiff for monetary damages for the value of the church property would require this Court to contradict the state court orders regarding the tax sales, the *Rooker-Feldman* doctrine deprives the Court of subject matter jurisdiction. *See Bauer*, 951 F.3d at 866 (finding the suit barred by the *Rooker-Feldman* doctrine where the injuries for which the plaintiffs sought redress resulted from the state court's judgment of foreclosure and an award of interest); *see also Dorsey*, 2016 WL 5871711, at *3 (finding that, "[i]f there is an outstanding state court order for [the plaintiff's] property to be sold at an upcoming tax sale," the court "may not enjoin that order because of the *Rooker-Feldman* doctrine").

**D.     Lisa Berdine**

Even if the Plaintiff's claims were to proceed, the claims against Lake County, Indiana, Circuit Court Magistrate Lisa Berdine would nevertheless be dismissed based on absolute judicial immunity. "[J]udges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction." *Brokaw v. Mercer County*, 235 F.3d 1000, 1015 (7th Cir. 2000) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980) (applying absolute judicial immunity in a § 1983 suit). "Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, and even if his exercise of authority is flawed by the commission of grave procedural errors." *Brokaw*, 235 F.3d at 1015 (cleaned up).

All the claims against Magistrate Berdine relate to rulings made in her judicial capacity in the state tax sale litigation. For example, the Complaint alleges that Magistrate Berdine "knew the case was Res Judicata and proceeded to rule against Plaintiff," failed "to abide by the 'The Law Of The Case,'" and "ignored Judge Marissa McDermott's previous 'Meritorious' ruling' in violation of res judicata." Compl. 5, 8. Whether Judge McDermott's August 22, 2019 decision was law of the case or an issue decided therein had collateral estoppel effect, Magistrate Berdine's decisions were issued within her judicial authority. Similarly, the allegations that she "abused her power and violated the Personal and Professional Conduct," Compl. 8, "violated the Supremacy Clause Article VI by conspiring with the other named Defendants to deprive Plaintiff of his properties, and equal treatment under the laws," *id.* at 11, and "under a false claim of delinquent taxes in her sham hearing, caused Plaintiff to lose his building, land, and properties that he used in the free exercise of his religion," *id.*, all arise out of Magistrate Berdine's judicial decisions.

As for the allegation that Magistrate Berdine "blocked my Petitions to Judge McDermott for violation of her Order and proceed to rule against Plaintiff," Compl. 5, this appears to be a reference to the September 2, 2022 denial of a motion in 45C01-2111-TP-001990 asking that Magistrate Berdine recuse herself and that Judge McDermott reconsider the ruling in light of her August 22, 2019 ruling. Magistrate Berdine's ruling denying the motion was an act taken in her judicial capacity.

To the extent the Complaint alleges that Magistrate Berdine's actions were taken in "the complete absence of jurisdiction," the Plaintiff is incorrect. Indiana law provides that a magistrate has the same powers as a judge except a magistrate does not have the power of judicial mandate. Ind. Code §§ 33-23-5-8, 33-23-5-8.5.[4] As a magistrate for the Lake County, Indiana, Circuit Court, Magistrate Berdine had the authority to hear and grant the pretrial orders and make recommendations on the petition for issuance of a tax deed under Indiana Code § 6-1.1-25-4.6. Here, the public dockets show that Magistrate Berdine made a recommendation to Judge McDermott who then signed the final order in each case.

## CONCLUSION

For these reasons, the Court hereby GRANTS Lisa Berdine's Motion to Dismiss [ECF No. 19] and GRANTS the County Defendants' Motion to Dismiss [ECF No. 22]. The Court DISMISSES the Plaintiff's claims against the Defendants without prejudice for lack of subject matter jurisdiction and under the doctrine of comity.

SO ORDERED on February 18, 2025.

    s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[4] The Plaintiff contends that Magistrate Berdine presided without the Plaintiff's "consent" but cites no authority in support. If the Plaintiff is referencing the consent authority of magistrate judges in federal court under 28 U.S.C. § 636(c), that authority does not apply to the Indiana state courts.